**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIAM THOMAS BEANE,** | ) | |
| **ID # 1362674,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:09-CV-0940-O (BH)** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his March 29, 2006 conviction for aggravated sexual assault in Cause No. F05-50820-UV.  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On March 29, 2006, petitioner was convicted of aggravated sexual assault and sentenced to sixty-five years imprisonment.  After the court of appeals affirmed his conviction on direct appeal, the Court of Criminal Appeals refused his petition for discretionary review on January 16, 2008.  On April 21, 2009, petitioner filed a state application for writ of habeas corpus to challenge his conviction.

On May 21, 2009, the Court received an unsigned federal petition and a request for stay and abeyance signed May 17, 2009.  Petitioner asks the Court to stay the federal habeas proceedings until he exhausts him state remedies because his state application was not filed until April 21, 2009,

even though he mailed it on April 8, 2009.  He explains that he filed his federal petition as a protective petition in accordance with *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

On June 12, 2009, the Court received a signed amended federal petition.  Petitioner claims that (1) he involuntarily confessed to the crime; (2) he received an unfair suppression hearing; (3) prosecutors used perjured testimony during the suppression hearing; (4) the trial court abused its discretion when it deny his request for a trial continuance; (5) prosecutors suppressed favorable evidence; (6) he received ineffective assistance of trial counsel when his attorney attended pretrial hearings without his presence; (7) he received ineffective assistance of counsel when his attorney failed to object to the prosecutorial misconduct; and (8) prosecutor violated his rights against self-incrimination.

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was pre-vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review;

or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

Here, petitioner appealed his conviction, the Texas Court of Criminal Appeals refused his petition for discretionary review on January 16, 2008, and petitioner filed no petition for writ of certiorari.  In such cases, the state conviction becomes final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review.  *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); Sup. Ct. R. 13.  Thus, petitioner's conviction became final on April 15, 2008.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence prior to the date petitioner's conviction became final.  Each of the claims are based upon facts that petitioner would have known well before the Court of Criminal Appeals refused his petition for discretionary review.

3

Because petitioner filed his May 2009 petition more than one year after his conviction became final,[1] a literal application of § 2244(d)(1) renders the filing untimely.

## III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state application for writ of habeas corpus on April 21, 2009, the one-year period of limitations had already expired. Accordingly, the statutory tolling provision does not save the federal petition filed in May 2009.

In addition, nothing in petitioner's federal filings indicate that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). To warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). While he com-

---

[1] Under the prison mailbox rule, a motion to vacate is deemed filed when the prisoner delivers the motion to prison authorities for mailing to the court. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The record does not reflect when movant tendered his motion to the prison authorities for mailing, but it was "filed" sometime between the date he signed he signed the contemporaneously filed stay request on May 17, 2009, and the date that this Court received the two filings on May 21, 2009. The Court uses the earlier date as the date of filing.

4

plains that the state trial court did not file his state application until April 21, 2009, even though he mailed it on April 8, 2009, he fails to explain why he used all but a week of the one-year limitations period before mailing his state application. He did not mail his federal petition to this Court until May 17, 2009. By taking more than a year after the Court of Criminal Appeals refused his petition for discretionary review to file his state application for writ of habeas corpus, and another month to file this protective federal petition, petitioner has not diligently pursued federal habeas relief.

Because neither statutory nor equitable tolling save petitioner's May 2009 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## IV.  STAY

Petitioner asks the Court to stay this federal action so that he may exhaust his state remedies. Although the federal courts have discretion to stay a habeas action so that a petitioner may fully exhaust available remedies, *see Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Rhines v. Weber*, 544 U.S. 269, 278-79 (2005), a stay is warranted "only in limited circumstances", *Rhines*, 544 U.S. at 277. Such circumstances are absent unless (1) the petitioner shows good cause for his failure to exhaust his claims and (2) his unexhausted claims are not plainly meritless. *Id.* Because petitioner has not shown that he diligently pursued his state remedies, he has shown no good cause for not exhausting his claims prior to coming to federal court. The alleged delayed filing of his state application is insufficient of itself to show good cause when petitioner used all but one week of the federal limitations period before mailing his state application. Furthermore, petitioner's claims are plainly meritless because they are untimely. A stay is simply not warranted when a petitioner has filed an untimely federal protective writ. A requested stay will not change the timeliness of the filed

5

protective petition.[2]

## V.  EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

## VI.  RECOMMENDATION

The Court should  find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice and **DENY** petitioner's request to stay this action.

**SIGNED this 15th day of June, 2009.**

_IRMA CARRILLO RAMIREZ_
UNITED STATES MAGISTRATE JUDGE

---

[2]  The Court may deny the instant "writ of habeas corpus ... on the merits" despite a lack of exhaustion.  *See* 28 U.S.C. § 2254(b)(2).  The phrase "on the merits" in this context includes untimeliness.  *See, e.g.*, *Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000); *Anthony v. Quarterman*, No. 3:04-CV-2019-P, 2007 WL 2059729, at *2 (N.D. Tex. July 16, 2007) (accepting recommendation of Mag. J.).

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE